STATE OF MAINE, by Scire Facias

*vs.*

MICHAEL McCAULEY, et als.

Hancock.    Opinion June 30, 1914.

*Bail Commissioner.    Declaration.    Demurrer.    Recognizance.    Record.*
*Revised Statutes, Chap. 134, Sec. 27.*

Demurrer based on the ground that the declaration did not aver that the recognizance was returned to the Supreme Judicial Court and entered of record. Under the provisions of R. S., Chap. 134, Sec. 27, this lack of averment is not ground for demurrer. From an inspection of the recognizance and the declaration in the writ it can be sufficiently understood from its tenor at what court the defendant was to appear and from the description of the offense charged that the magistrate was authorized to require and take the same.

On exceptions by defendants.    Exceptions overruled.

Scire facias against bail on recognizance taken by bail commissioner. The defendants filed a demurrer to plaintiff's declaration, which

was joined by the attorney for the State. The presiding Justice overruled the demurrer. To which ruling the defendants excepted.

The case is stated in the opinion.

*H. L. Graham,* for the State.

*Geo. E. Googins,* for defendant.

SITTING: SAVAGE, C. J., SPEAR, KING, HALEY, HANSON, PHILBROOK, JJ.

PHILBROOK, J.   In the court below the defendants filed a demurrer and assigned as causes of demurrer that the declaration does not aver that the recognizance was returned to the Supreme Judicial Court and entered of record; that this is not a defect in form but a substantial defect which is not cured by R. S., Chap. 134, Sec. 27; that the recognizance was taken by bail commissioner in vacation and the declaration should aver that said recognizance was returned to the proper court and made part of the record thereof.

The attorney for the State replies by citing the provisions of the same statute, R. S., Chap. 134, Sec. 27, which reads thus:   "No action on any recognizance shall be defeated, nor judgment thereon arrested, for an omission to record a default of the principal or surety at the proper term, nor for any defect in the form of the recognizance, if it can be sufficiently understood, from its tenor, at what court the party or witness was to appear, and from the description of the offense charged, that the magistrate was authorized to require and take the same."

Concerning this statute Chief Justice APPLETON, in *State* v. *Hatch,* 59 Maine, 410, says "This section, it will be perceived, is applicable only to recognizances in criminal, and not in civil proceedings. Hence the decisions in the latter class of cases are inapplicable"   .   .   .   .
"This provision in regard to recognizances in criminal cases first appears in the revised statutes of 1841. The authorities of an earlier date are, therefore, so far as this section is of any avail, inapplicable."   Thus the force of some of the authorities cited by defendant's counsel is much weakened if not entirely destroyed.

In *State* v. *Baker,* 50 Maine, 45, it was not alleged in the declaration that the recognizance was returned to the Supreme Court, and became a matter of record. Counsel for the defendant argued that

without the latter allegation, "became a matter of record," the declaration was insufficient but the court held otherwise, especially in view of the statute already referred to.

In *State* v. *Edminster*, 105 Maine, 485, Mr. Justice CORNISH says "The purpose of this statute, originally passed in 1841, is to modify the strictness of the common law and to prevent the thwarting or delaying of justice by mere technicalities, and in carrying out its spirit a liberal construction has been adopted by this court."

In *State* v. *Russ*, 100 Maine, 76, a declaration in scire facias had been demurred to and the court sustained the declaration saying, "In the first place, it can be sufficiently understood from its tenor at what court the defendant was to appear and from the description of the offense charged that the magistrate was authorized to require and take the same."

In the case at bar, from an inspection of the recognizance and the declaration in the writ it can be sufficiently understood from its tenor at what court the defendant was to appear and from the description of the offense charged that the magistrate was authorized to require and take the same.

*Exceptions overruled.*